17   4318

# CIVIL COVER SHEET

...formation contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as
...is form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the
...et sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

...ARTERS, LLC d/b/a ANGEL MEDFLIGHT

...sidence of First Listed Plaintiff       Maricopa, AZ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

...orneys *(Firm Name, Address, and Telephone Number)*

...A. Brett, Esquire, Feinstein Doyle Payne & Kravec, LLC,
Fourth Avenue, Suite 1300, Pittsburgh, PA 15219 (412) 281-8400

**DEFENDANTS**

MERCK SHARPE & DOHME CORP. and THE MERCK MEDICAL,
DENTAL, LIFE INSURANCE AND LONGTERM DISABILITY PLAN

County of Residence of First Listed Defendant   Hunterdon, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## A. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. § 1132(a)(1)(B)
Brief description of cause:
This action arises from Defendants' wrongful denial of ERISA health plan benefits.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

SEP 27 2017

DATE   09/26/2017

SIGNATURE OF ATTORNEY OF RECORD

S. F.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

17  4318

Address of Plaintiff: **17851 N. 85th Street, Suite 350, Scottsdale, AZ 85255**

Address of Defendant: **c/o Merck Sharp & Dohme Corp., One Merck Drive, P.O. Box 100 WS 3B-35, Whitehouse Station, NJ 08889-0100**

Place of Accident, Incident or Transaction: **Magee Rehabilitation Hospital, Philadelphia, PA**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No✔

Does this case involve multidistrict litigation possibilities?  Yes☐  No✔

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No✔

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No✔

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No✔

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No✔

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ✔ All other Federal Question Cases
   (Please specify) **Wrongful denial of ERISA health plan benefits**

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, **Tybe A. Brett**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **September 27, 2017**   _____ Attorney-at-Law   **30064** Attorney I.D.#

SEP 27 2017

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **September 27, 2017**   _____ Attorney-at-Law   **30064** Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| AVIATION WEST CHARTERS, LLC, d/b/a<br>ANGEL MEDFLIGHT | : | CIVIL ACTION |
| v. | : | |
| MERCK SHARPE & DOHME CORP. and THE MERCK<br>MEDICAL, DENTAL, LIFE INSURANCE AND<br>LONGTERM DISABILITY PLAN | : | NO. |

17    4318

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x)

| | | |
|---|---|---|
| September 27, 2017 | | Aviation West Charters, LLC, d/b/a Angel Medflight |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 412-281-8400 | 412-281-1007 | tbrett@fdpklaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 27 2017

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.





IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

SEP 2 7 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

| | | |
|---|---|---|
| AVIATION WEST CHARTERS, LLC, | ) | |
| d/b/a ANGEL MEDFLIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MERCK SHARPE & DOHME CORP. and | ) | |
| THE MERCK MEDICAL, DENTAL, LIFE | ) | |
| INSURANCE AND LONGTERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

17    4318

## COMPLAINT

1.     This action, brought under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq.*, arises from the defendants' wrongful denial of a claim for

health benefits.

2.     Rachel B. fell 30 feet onto concrete and suffered severe injuries. She had multiple

fractures in her spine and a spinal-cord injury that was "complete"—meaning, in her case, that she

lost the ability to feel and use her lower extremities. She also had a skull fracture, scattered

intracranial hemorrhages, and a pulmonary contusion.

3.     Rachel was admitted into an intensive care unit at the Mercy Medical Center in

Des Moines, Iowa, where she required major surgery, aggressive pulmonary care, and other

treatments. Even after surgery, however, Rachel remained paraplegic.

1

4.      The doctor overseeing her care at Mercy Medical Center determined that Rachel must transfer to a facility capable of neurologic-rehabilitation therapy that was specialized for spinal-cord injury.

5.      Mercy did not have the specialized capabilities that Rachel required, but she was admitted into a facility that did: the Magee Rehabilitation Hospital in Philadelphia, Pennsylvania.

6.      Aviation West Charters LLC d/b/a Angel MedFlight ("Angel MedFlight") safely transported Rachel to Magee by air ambulance, and submitted a timely claim for benefits on Rachel's behalf.

7.      Acting through Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), Defendant Merck Sharpe & Dohme Corp. ("Merck") denied the claim, in violation of both its obligations under ERISA and the terms of the Merck Medical, Dental, Life Insurance and Long Term Disability Plan, Inc. ("Plan").

8.      Angel MedFlight, as Rachel's assignee, brings this suit under 29 U.S.C. § 1132(a)(1)(B), seeking benefits under the terms of the Plan, prejudgment interest, and attorney's fees and costs.

## JURISDICTION AND VENUE

1.      Jurisdiction of the court is based upon ERISA, 29 U.S.C. §§ 1132(e)(1), (f). Additionally, this action may be brought under 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2.      ERISA provides a mechanism for internally appealing benefit denials. Those avenues of appeal have been exhausted. 29 U.S.C. § 1133.

3.      Venue is proper in the Eastern District of Pennsylvania, where Rachel was transported and where she rehabilitated at Magee. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

2

## PARTIES

4.     Defendant Merck is a New Jersey corporation which is the sponsor and Plan Administrator of the Plan.

5.     Defendant Plan is an ERISA welfare benefits plan that is sponsored by Merck. At all times relevant to this complaint, Rachel was a beneficiary of the Plan.

6.     Angel MedFlight is a provider of specialized transportation services for patients who need them. Rachel assigned her claim for reimbursement to Angel MedFlight.

## STATEMENT OF FACTS

7.     Rachel was 24 years old when she fell 30 feet onto concrete and suffered severe injuries. She had multiple fractures in her spine and a spinal-cord injury that was "complete"–meaning, in her case, that she lost the ability to feel and use her lower extremities. She also had a skull fracture, scattered intracranial hemorrhages, and a pulmonary contusion (a bruise to the lung which interferes with the absorption of oxygen into the bloodstream).

8.     Rachel was admitted into the intensive care unit at the Mercy Medical Center in Des Moines, Iowa, where she required major surgery, aggressive pulmonary care, and other treatments. Even after surgery, however, Rachel remained paraplegic.

9.     Her doctor at Mercy determined that, in order to "ensure the best possible chance for [Rachel's] long term survival" and to "optimize her neuromuscular recovery," Rachel must transfer to a facility capable of neurologic-rehabilitation therapy that was specialized for spinal-cord injury.

10.     Mercy did not have the specialized capabilities that Rachel required, but she was admitted into a facility that did: the Magee Rehabilitation Hospital in Philadelphia, Pennsylvania.

3

11.     Rachel's doctor concluded that Magee was the "best possible setting" for Rachel to receive the therapy she required, for several reasons.

12.     *First*, the doctor noted that Magee is "one of the nation's leading rehabilitation programs for spinal cord injuries" and "one of only 14 [facilities] in the country to provide coordinate[d] lifetime care for patients with spinal cord injuries." Citing peer-reviewed medical literature, the doctor observed that early transfer to a "specialized spinal injury center . . . results in lower rates of complication" and reduces "the risk of mortality and length of stay."

13.     *Second*, Rachel was paraplegic post-operatively, and thus likely to require the assistance of her family and support system even after her discharge from the rehabilitation facility.  Transferring Rachel to Magee allowed her to rehabilitate with the assistance of her family and friends–a factor independently identified by two physicians treating Rachel as important for her successful rehabilitation.

14.     Rachel's condition prevented her from flying commercially or making the long drive from Iowa to Philadelphia. Angel MedFlight provided the necessary ambulance services and submitted a timely claim for benefits on Rachel's behalf.

15.     Acting on behalf of Merck and the Plan, Horizon denied the claim. According to Horizon, "the air transportation [was] not for emergency treatment, and [Magee was] not the nearest hospital with the appropriate facilities for the treatment of the member's illness or injuries."

16.     But this reason for denying Rachel's benefits has no basis in the Plan.

17.     The Plan does not provide that air-ambulance transportation is covered only in cases of medical emergency; nor does it require that transfers by air ambulance be to the nearest facility.

4

18.     What the Plan actually provides is that ambulance transfers are covered "when Medically Necessary"—which by the terms of the plan means when "reasonably required," when "commonly and customarily recognized by physicians as appropriate," and when not "educational or experimental in nature." As described above, those conditions are met.

19.     Moreover, even under the extra-contractual terms invented by Horizon, there is no basis for denying Rachel's claim. It is not enough to merely assert that Magee was not the "nearest hospital" that could provide appropriate treatment for Rachel. Horizon failed to identify its preferred facility, failed to specify the services provided by that unnamed-but-closer facility, and failed even to address Rachel's specific needs, much less the opinion of Rachel's doctor that Magee gave Rachel the "best possible chance of long-term survival."

20.     Horizon's   failure   is   significant,   because   Angel   MedFlight   requested preauthorization for its ambulance services the day before the flight took place. If Horizon knew of a closer appropriate facility, it had an opportunity to arrange for Rachel to be transferred there. Instead, it simply denied the preauthorization request.

21.     Angel MedFlight pointed out the inadequacy of Horizon's denial and requested that Horizon (consistent with its obligation to conduct a full and fair review of Rachel's claim) identify its preferred facility, specify the capabilities of that facility, and state whether that facility was willing and able to admit Rachel at the necessary time.

22.     Horizon's response ignored those requests and reiterated its earlier denial.

23.     The ambulance services provided to Rachel are covered under the terms of the Plan. Angel MedFlight, as Rachel's assignee, is therefore entitled to recover benefits from Merck and the Plan.

5

## CAUSE OF ACTION

24.     Angel MedFlight incorporates and realleges the allegations of Paragraphs 1 through 23.

25.     Angel MedFlight, as the assignee of Rachel B., is entitled to recover benefits under the terms of the Plan. 29 U.S.C. § 1132(a)(1)(B).

26.     Angel MedFlight, as the assignee of Rachel B., is entitled to recover prejudgment interest. 29 U.S.C. §§ 1132(a)(1)(B), (a)(3).

27.     Angel MedFlight, as the assignee of Rachel B., is entitled to recover its attorney's fees and costs. 29 U.S.C. § 1132(g)(1).

WHEREFORE, Angel MedFlight seeks judgment in its favor and against the defendants, as follows:

A.     Reimbursement of the reasonable-and-customary charges for transporting Rachel B. from the Mercy Medical Center in Des Moines, Iowa to the Magee Rehabilitation Hospital in Philadelphia, Pennsylvania on July 21, 2015;

B.     Prejudgment interest;

C.     Any and all other relief to which Angel MedFlight may be entitled;

D.     Costs of filing this action; and

E.     Any such other and further relief this Court determines is just and reasonable.

6

Dated:  September 26, 2017

Tybe A. Brett
PA ID No. 30064
FEINSTEIN DOYLE PAYNE & KRAVEC, LLC
429 Fourth Avenue, Suite 1300
Pittsburgh, PA 15219
T: (412) 281-8400
F: (412) 281-1007
tbrett@fdpklaw.com

Eamon P. Kelly*
Nathan A. Shev*
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
T: (312) 641-3200
F: (312) 641-6492
ekelly@sperling-law.com
nshev@sperling-law.com

Mark D. DeBofsky*
DEBOFSKY, SHERMAN & CASCIARI, P.C.
200 W. Madison Street, Suite 2670
Chicago, IL 60606
T: (312) 702-1842
F: (312) 929-0309
mdebofsky@debofsky.com

*Attorneys for Aviation West Charters, LLC*

*application for admission *pro hac vice* to be filed

7